1  Debra L. Spinelli, Esq., Bar No. 9695
   dls@pisanellibice.com
2  M. Magali Mercera, Esq., Bar No. 11742
   mmm@pisanellibice.com
3  PISANELLI BICE PLLC
   400 South 7th Street, Suite 300
4  Las Vegas, Nevada 89101
   Telephone:  702.214.2100
5
6  James F. McDonough, III (GA 117088)
   (*pro hac vice* forthcoming)
   jim@rhmtrial.com
7  Jonathan R. Miller (GA 507179)
   (*pro hac vice* forthcoming)
8  miller@rhmtrial.com
   ROZIER HARDT MCDONOUGH PLLC
9  659 Auburn Avenue NE, Unit 254
   Atlanta, Georgia 30312
10 Telephone:  470.480.9505

11  *Attorneys for Plaintiff DataCloud Technologies, LLC*

12  **UNITED STATES DISTRICT COURT**

13  **FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| 14  DATACLOUD TECHNOLOGIES, LLC, | Case No. |
| 15                          Plaintiff, | |
| 16  v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| 17  METRO FIBERNET, LLC, | **Jury Trial Demanded** |
| 18                          Defendants. | |

19

20  **COMPLAINT FOR PATENT INFRINGEMENT**

21          Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files

22  this Complaint for patent infringement against Defendant Metro Fibernet, LLC that does

23  business under the name "Metronet" (hereinafter, "Defendant" or "Metronet") alleging, based on

24  its own knowledge as to itself and its own actions, and based on information and belief as to all

25  other matters, as follows:

26  **NATURE OF THE ACTION**

27          1.      This is a patent infringement action to stop Defendant's infringement of the

28  following United States Patents (collectively, the "Patents-in-Suit") issued by the United States

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1    Patent and Trademark Office ("USPTO"), copies of which are attached hereto as **Exhibit A,**

2    **Exhibit B, Exhibit C,** and **Exhibit D**, respectively:

|    | **U.S. Patent No.** | **Title** |
|----|---------------------|-----------|
| A. | 6,651,063 | Data Organization And Management System And Method |
| B. | 7,246,351 | System And Method For Deploying And Implementing Software Applications Over A Distributed Network |
| C. | 8,370,457 | Network Communication Through A Virtual Domain |
| D. | 8,762,498 | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain |

10        2.     Plaintiff seeks monetary damages and injunctive relief.

11    **PARTIES**

12        3.     DataCloud is a limited liability company organized and existing under the laws of

13    the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite

14    254, Alpharetta, Georgia, 30009 (Fulton County).

15        4.     Based upon public information, Metronet is a corporation duly organized and

16    existing under the laws of the state of Nevada since February 7, 2011.

17        5.     Based upon public information, Metronet lists its Corporate Headquarters as 3701

18    Communications Way, Evansville, Indiana, 47715 (Vanderburgh County).

19        6.     Based upon public information, Metronet may be served through its registered

20    agent, National Registered Agents, Inc., located at 334 North Senate Avenue, Indianapolis,

21    Indiana, 46204 or at 701 South Carson Street, Suite 200, Carson City, Nevada, 89701.

22    **JURISDICTION AND VENUE**

23        7.     Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though

24    fully set forth in their entirety.

25        8.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et

26    seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter

27    jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

28

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

9.    The Court has personal jurisdiction over Metronet because: Defendant has minimum contacts within the State of Nevada and in this District; Defendant has purposefully availed itself of the privileges of conducting business in the State of Nevada and in this District; Defendant has sought protection and benefit from the laws of the State of Nevada; Defendant regularly conducts business within the State of Nevada and within this District, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Nevada and in this District.

10.    More specifically, Defendant directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Nevada, and in this District.

11.    Specifically, Defendant intends to do and does business in, has committed acts of infringement in this District directly, and offers its services, including those accused of infringement here, to customers and potential customers located in the State of Nevada, including in this District.

12.    Therefore, venue is proper in this District pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District by way of its incorporation in Nevada.

**THE ACCUSED PRODUCTS**

13.    Based upon public information, Defendant owns, operates, advertises, and/or controls the websites www.metronet.com and www.metronetbusiness.com through which it advertises, sells, offers to sell, provides and/or educates customers about its website hosting platforms.  *See* **Exhibit E. Exhibit F, Exhibit G, Exhibit H.**

14.    Defendant offers at least the following products (hereinafter, the "Accused Products") that infringe one or more claims of the Patents-in-Suit:

- o    Metronet Android App;

- o    Metronet TV set top box to download and run streaming apps

- o    Metronet CPE with Port forwarding; and

- o    Metronet websites using Transport Layer Security (TLS)/HTTPS and SNI.

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1    15.    Metronet was made aware of its infringement of the Patents-in-Suit by certain if

2    its products by way of a letter from counsel for DataCloud dated June 6, 2023.

3            **COUNT I:    INFRINGEMENT OF U.S. PATENT NO. 6,651,063**

4    16.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above as

5    though fully set forth in their entirety.

6    17.    U.S. Patent No. 6,651,063 (the "'063 patent") was issued on November 18, 2003

7    after full and fair examination by the USPTO of Application No. 09/493,911 which was filed on

8    January 28, 2000.  *See* Ex. A at A-1.  A Certificate of Correction was issued on February 3,

9    2004.  *See id.* at A-20.

10    18.    The claims of the '063 patent are not directed to an abstract idea and are not

11    limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions

12    include inventive components that improve networks and network systems by providing an

13    organization scheme to streamline the process for storage and retrieval of information through a

14    combination of automatic categorization and user influence.

15    19.    The written description of the '063 patent describes in technical detail each

16    limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how

17    the non-conventional and non-generic combination of claim limitations is patently distinct from

18    and improved upon what may have been considered conventional or generic in the art at the time

19    of the invention.

20    20.    DataCloud owns all substantial rights, interest, and title in and to the '063 patent,

21    including the sole and exclusive right to prosecute this action and enforce it against infringers

22    and to collect damages for all relevant times.

23    21.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations

24    required to collect pre-filing damages for the full period allowed by law for infringement of the

25    '063 patent.

26    22.    Based upon public information, Plaintiff is informed and believes that Defendant

27    has infringed one or more claims of the '063 patent, either literally or under the doctrine of

28

4

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises Defendant's Metronet Android App.

23.     Upon information and belief, the Metronet Android App meets each and every step of at least Claim 4 of the '063 Patent, either literally or equivalently.

24.     Based upon public information, Defendant's provision of the Metronet Android App has infringed one or more claims of the '063 Patent, including Claim 4 because it provides a method for storing and controlled access of data in a repository by storing information in an "information pack" (*e.g.*, uploading to servers/saving image files) to which is associated the address of a data repository, a category identifier (*e.g.*, "data" directory), and a provider identifier (Metronet).  The information pack is sent to the specified data repository and stored there in a location reserved for the specified category identifier that is specifically created for the information pack (*e.g.*, file folder in the Metronet Android App is reserved for information), and a custom category identifier (*e.g.*, custom category identifier can be the digital signature for either of the Metronet Android App) is assigned to the information pack.  The custom category identifier is subsequently used to identify other information packs that should be stored in the same location based on matching category identifiers (*e.g.*, valid Android APK files contain a signature which allows to identify the author of the APK file, which allows verification that an updated version comes from the same author).

25.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

26.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II:    INFRINGEMENT OF U.S. PATENT NO. 7,246,351

27.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

1    28.    U.S. Patent No. 7,246,351 (the "'351 patent") was issued on July 17, 2007 after

2    full and fair examination by the USPTO of Application No. 10/081,921 which was filed on

3    February 20, 2002.  *See* Ex. B at B-1.  A Certificate of Correction was issued on November 20,

4    2007.  *See id.* at B-25.

5    29.    The claims of the '351 patent are not directed to an abstract idea and are not

6    limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions

7    include inventive components that improve networks and network systems by anonymizing

8    network activity for individual clients and groups of clients.

9    30.    The written description of the '351 patent describes in technical detail each

10    limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how

11    the non-conventional and non-generic combination of claim limitations is patently distinct from

12    and improved upon what may have been considered conventional or generic in the art at the time

13    of the invention.

14    31.    DataCloud owns all substantial rights, interest, and title in and to the '351 patent,

15    including the sole and exclusive right to prosecute this action and enforce it against infringers

16    and to collect damages for all relevant times.

17    32.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations

18    required to collect pre-filing damages for the full period allowed by law for infringement of the

19    '351 patent.

20    33.    Based upon public information, Plaintiff is informed and believes that Defendant

21    has infringed one or more claims of the '351 patent, either literally or under the doctrine of

22    equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or

23    advertises its Metronet TV set top box to download and run streaming apps ("Metronet

24    TVBox").

25    34.    Upon information and belief, the Metronet TVBox meets each and every element

26    of at least Claim 1 of the '351 patent, either literally or equivalently.

27    35.    Based upon public information, the Metronet TVBox has infringed, and continues

28    to infringe, one or more claims of the '351 patent, including Claim 1, because it provides a

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

6

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1 system for deploying applications over a distributed network to an Internet-enabled device for

2 interacting with a server (*e.g.*, at www.metronet.com), the server being in communication with

3 the distributed network and having text files containing program logic, the system comprising: an

4 application assembler for storing on and running on the Internet-enabled device, the application

5 assembler for downloading one or more text files (*e.g.*, the text file is encrypted and transferred

6 in application data within the TLS session) from the server, retrieving the program logic from

7 each of the downloaded text files, and assembling the retrieved program logic into a functioning

8 application (*e.g.*, a website application) and running the functioning application on the Internet-

9 enabled device (*e.g.*, running the website application), wherein the functioning application

10 provides a graphical user interface for receiving and interpreting user inputs to the Internet-

11 enabled device (*e.g.*, Defendant provides a graphical user interface for receiving and interpreting

12 user inputs).

13     36. Defendant has had knowledge of its infringement of the '351 patent as early as its

14 receipt of a letter from DataCloud dated June 6, 2023.

15     37. Since at least its receipt of a letter from DataCloud dated June 6, 2023, Defendant

16 has also indirectly infringed and continues to indirectly infringe one or more claims of the '351

17 patent, including at least claims 1, by inducing others to directly infringe one or more claims of

18 the '351 patent. Defendant has induced and continues to induce its subsidiaries, partners,

19 affiliates, customers, and/or end-users, including Defendant's customers and potential customers,

20 to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the

21 '351 patent by using Metronet TVBox. *See* Ex. E, Ex. F, Ex. G, Ex. H. Defendant has taken

22 active steps, directly or through contractual relationships with others, with the specific intent to

23 cause them to use Metronet TVBox in a manner that infringes one or more claims of the '351

24 patent, including, for example, claims 1. Such steps by Defendant include, among other things,

25 advising or directing personnel, contractors, or end-users to make or use Metronet TVBox in an

26 infringing manner; advertising and promoting the use of Metronet TVBox in an infringing

27 manner; or distributing instructions that guide users to use the Accused Products in an infringing

28 manner. Defendant is performing these steps, which constitute induced infringement, with the

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1   knowledge of the '351 patent and with the knowledge that the induced acts constitute

2   infringement.  Defendant is aware that the normal and customary use of Metronet TVBox by

3   others would infringe the '351 patent.  Defendant's inducement is ongoing.

4       38.    Since at least its receipt of a letter from DataCloud dated June 6, 2023, Defendant

5   has also indirectly infringed and continues to indirectly infringe by contributing to the

6   infringement of one or more claims of the '351 patent, including claims 1, by personnel,

7   contractors, customers, and/or other end users by encouraging them to use Metronet TVBox to

8   perform the steps of the patented process as described in one or more claims of the '351 patent.

9   *See* Ex. E, Ex. F, Ex. G, Ex. H.  Metronet TVBox has special features that are specially designed

10  to be used in an infringing way and that have no substantial uses other than ones that infringe one

11  or more claims of the '351 patent, including, for example, the method recited in claim 1.  The

12  special features constitute a material part of the claimed invention of one or more of the claims

13  of the '351 patent and are not staple articles of commerce suitable for substantial non-infringing

14  use.  Defendant's contributory infringement is ongoing.

15      39.    Despite knowledge of the '351 patent as early as its receipt of a letter from

16  DataCloud dated June 6, 2023, Defendant, based upon public information, continues to

17  encourage, instruct, enable, and otherwise cause its customers to use its products in a manner

18  which infringes one or more claims of the '351 patent.  Based upon public information, the

19  provision of and sale of the Metronet TVBox is a source of revenue and a business focus for

20  Defendant.  *See* Ex. E, Ex. F, Ex. G, Ex. H.

21      40.    Based upon public information, Defendant specifically intends its customers to

22  use its products and services in such a way that infringes one or more claims of the '351 patent

23  by, at a minimum, providing and supporting its Metronet TVBox and instructing its customers on

24  how to use it in an infringing manner, at least through information available on Defendant's

25  website including information brochures, promotional material, and contact information.  *See* Ex.

26  G, Ex. H.   Defendant knew that its actions, including, but not limited to any of the

27  aforementioned products and services, would induce, have induced, and will continue to induce

28

1 | infringement by its customers by continuing to sell, support, and instruct its customers on using

2 | Metronet TVBox.

3 |      41.     Defendant's aforesaid activities have been without authority and/or license from

4 | Plaintiff.

5 |      42.     Defendant's actions are at least objectively reckless as to the risk of infringing a

6 | valid patent and this objective risk was either known or should have been known by Defendant.

7 |      43.     Since at least the filing of the original complaint in this matter, Defendant's direct

8 | and indirect infringement of the '351 patent has been and continues to be willful, intentional,

9 | deliberate, or in conscious disregard of Plaintiff's rights under the patent.

10 |      44.     DataCloud has satisfied all statutory obligations required to collect pre-filing

11 | damages for the full period allowed by law for infringement of the '351 patent.

12 |      45.     DataCloud has been damaged and continues to be damaged as a result of the

13 | infringing conduct by Defendant alleged above.  Thus, Defendant is liable to DataCloud in an

14 | amount that compensates it for such infringement, which by law cannot be less than a reasonable

15 | royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16 |      46.     DataCloud has suffered and continues to suffer irreparable harm, through its loss

17 | of market share and goodwill, for which there is no adequate remedy at law.  DataCloud has and

18 | will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of

19 | the '351 patent.  Defendant's actions have interfered with and will interfere with DataCloud's

20 | ability to license technology.  The balance of hardships favors DataCloud's ability to

21 | commercialize its own ideas and technology.  The public interest in allowing DataCloud to

22 | enforce its right to exclude outweighs other public interests, which supports injunctive relief in

23 | this case.

24 | **COUNT III:   INFRINGEMENT OF U.S. PATENT NO. 8,370,457**

25 |      47.     Plaintiff re-alleges and incorporates by reference each of the paragraphs above as

26 | though fully set forth in their entirety.

27 |      48.     U.S. Patent No. 8,370,457 (the "'457 patent") was issued on February 5, 2013

28 | after full and fair examination by the USPTO of Application No. 11/717,911 which was filed on

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

March 13, 2007.  *See* Ex. C at C-1.  A Certificate of Correction was issued on March 18, 2014.  *See id.* at C-11.

49.    The claims of the '457 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients.

50.    The written description of the '457 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

51.    DataCloud owns all substantial rights, interest, and title in and to the '457 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

52.    DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '457 patent.

53.    Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '457 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its Metronet CPE with Port forwarding.

54.    Upon information and belief, Metronet CPE with Port forwarding. meets each and every step of at least Claim 9 of the '457 patent, either literally or equivalently.

55.    Based upon public information, Metronet CPE with Port forwarding. has infringed one or more claims of the '457 patent, including Claim 9, through its advanced firewall settings in Cloud Firewall because it establishes a forwarding internet protocol (IP) address (translated IP address) for a pre-defined combination of a client IP address (*e.g.*, 10.10.XX.XX) and a destination IP address (*e.g.*, 168.10.XX.XX), they identify, in a data request received from

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1    the client IP address, the pre-defined combination, and in response to the identifying of the pre-

2    defined combination, forward (*e.g.*, from "Host A" to the NAT Router) the data request via (*e.g.*,

3    commands are configured to translate source addresses to the destination IP address for all

4    packets with IP destination addresses in the 168.10.XX.XX/24 subnet) the forwarding IP address

5    to the destination IP address (*e.g.*, on "Host B").

6          56.    Defendant's aforesaid activities have been without authority and/or license from

7    Plaintiff.

8          57.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff

9    as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

10   cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court

11   under 35 U.S.C. § 284.

12               **COUNT IV:**   **INFRINGEMENT OF U.S. PATENT NO. 8,762,498**

13         58.    Plaintiff re-alleges and incorporates by reference each of the paragraphs above as

14   though fully set forth in their entirety.

15         59.    U.S. Patent No. 8,762,498 (the "'498 patent") was issued on June 24, 2014, after

16   full and fair examination by the USPTO of Application No. 13/731,731 which was filed on

17   December 31, 2012. *See* Ex. D at D-1.

18         60.    The claims of the '498 patent are not directed to an abstract idea and are not

19   limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions

20   include inventive components that improve networks and network systems by anonymizing

21   network activity for individual clients and groups of clients.

22         61.    The written description of the '498 patent describes in technical detail each

23   limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how

24   the non-conventional and non-generic combination of claim limitations is patently distinct from

25   and improved upon what may have been considered conventional or generic in the art at the time

26   of the invention.

27

28

62.     DataCloud owns all substantial rights, interest, and title in and to the '498 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

63.     DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '498 patent.

64.     Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '498 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises Metronet websites using Transport Layer Security (TLS)/HTTPS and SNI. ("Metronet TLS websites").

65.     Upon information and belief, Metronet TLS websites meet each and every step of at least Claim 1 of the '498 patent, either literally or equivalently.

66.     Based upon public information, Metronet TLS websites have infringed one or more claims of the '498 patent, including Claim 1, because it provides a method of determining, by a controller device comprising a processor (*e.g.*, a router), a destination internet protocol (IP) address from a plurality of categories for virtual names (*e.g.*, www.metronet.com, www.metronetbusiness.com, www.metronetinc.com, *etc*.) based on a virtual namespace destination address (*e.g.*, metronet.com, metronetbusiness.com, metronetinc.com, *etc*.) specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address establishing a correlation between the destination IP address and a forwarder IP address of a forwarder device; and instructing the forwarder device to send the request data to the destination IP address. (*e.g.*, through a WWW server and SNI Routing).

67.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

68.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

1    cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court

2    under 35 U.S.C. § 284.

3                                    **JURY DEMAND**

4        69.    Plaintiff demands a trial by jury on all issues.

5                                  **PRAYER FOR RELIEF**

6        70.    Plaintiff respectfully requests the following relief:

7        A.     An adjudication that one or more claims of the Patents-in-Suit has been infringed,

8    either literally and/or under the doctrine of equivalents, by Defendant or all others acting in

9    concert therewith;

10       B.     An adjudication that Defendant has induced infringement of one or more claims

11   of the '351 patent, either literally or under the doctrine of equivalents, by their parents,

12   subsidiaries, partners, affiliates, and end-users, including Defendant's personnel, customers,

13   potential customers, and/or other end users;

14       C.     An adjudication that Defendant has contributed to the infringement of one or

15   more claims of the '351 patent, either literally or under the doctrine of equivalents, by their

16   parents, subsidiaries, partners, affiliates, and end-users, including Defendant's personnel,

17   customers, potential customers, and/or other end users;

18       D.     A permanent injunction enjoining Defendant and its officers, directors, agents,

19   servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in

20   concert therewith from infringement of the '351 patent; or, in the alternative, an award of a

21   reasonable ongoing royalty for future infringement of the '351 patent by such entities;

22       E.     An award of damages to be paid by Defendant adequate to compensate Plaintiff

23   Defendant's past infringement, including interest, costs, and disbursements as justified under 35

24   U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement,

25   an accounting of all infringing sales including, but not limited to, those sales not presented at

26   trial;

27

28

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

F.      An adjudication that Defendant willfully infringed one or more claims of the '351 patent and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

G.      Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

H.      That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

I.      Any further relief that this Court deems just and proper.

DATED this 11th day of September 2023.

PISANELLI BICE PLLC

By:  /s/ Debra L. Spinelli
     Debra L. Spinelli, Esq., Bar No. 9695
     M. Magali Mercera, Esq., Bar No. 11742
     400 South 7th Street, Suite 300
     Las Vegas, Nevada 89101

     James F. McDonough, III (GA 117088)
     (*pro hac vice* forthcoming)
     Jonathan R. Miller (GA 507179)
     (*pro hac vice* forthcoming)
     ROZIER HARDT MCDONOUGH PLLC
     659 Auburn Avenue NE, Unit 254
     Atlanta, Georgia 30312

     *Attorneys for Plaintiff DataCloud Technologies, LLC*

**List of Exhibits**
A.  U.S. Patent No. 6,651,063
B.  U.S. Patent No. 7,246,351
C.  U.S. Patent No. 8,370,457
D.  U.S. Patent No. 8,762,498
E.  Webpage: www.metronet.com
F.  Webpage: www.metronetbusiness.com
G.  Webpage: www.metronetbusiness.com/blog
H.  Webpage: www.metronetbusiness.com/industry-solutions

PISANELLI BICE PLLC
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101